# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7059 | **DATE** | 1/21/2011 |
| **CASE TITLE** | AT&T Corp. vs. Van Ru Credit Corp. | | |

**DOCKET ENTRY TEXT**

Defendant Van Ru Credit Corporation's motion to dismiss [8] is denied. Ruling for January 28, 2011 is stricken.

■[ For further details see text below.]

Docketing to mail notices.

# STATEMENT

  Plaintiff AT&T Corp. ("AT&T") filed a complaint against defendant Van Ru Credit Corporation ("Van Ru") containing, among other things, a breach of contract claim. AT&T alleges that Van Ru placed an order for services with AT&T and failed to pay for those services. AT&T maintains that two documents, the AT&T Business Services Agreement and Business Service Guide, constitute the contract between AT&T and Van Ru.

  On January 3, 2011, Van Ru moved to dismiss the breach of contract claim arguing that AT&T failed to allege the existence of a valid and enforceable contract because AT&T failed to allege that Van Ru agreed to the terms and conditions set forth in the Business Services Agreement/Business Service Guide and because AT&T does not allege that anyone from Van Ru signed the document(s) on Van Ru's behalf.

  To survive a Rule 12(b)(6) motion, "the complaint need only contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting Fed. R. Civ. P. 8(a)(2)). The facts must provide the defendant with "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The plaintiff need not plead particularized facts, but the factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Id.*

  Given federal notice pleading, AT&T has provided sufficient information concerning its breach of contract claim to survive Van Ru's motion to dismiss. Van Ru is on notice of the claim against it in light of the fact that AT&T identified the services allegedly ordered and received by Van Ru, Van Ru's purchase order number, the account number, the invoice dates, the applicable contract documents, and the alleged breach. *See Quantum Color Graphics, LLC v. The Fan Ass'n Event Photo GMBH*, 185 F. Supp. 2d 897, 905 (N.D. Ill. 2002) (denying motion to dismiss where complaint alleged that plaintiff and defendants had a contractual relationship and defendants breached the contract by failing to make payments pursuant to the contractual relationship). Van

| STATEMENT |
|---|
| Ru's argument that the claim must fail because AT&T did not explicitly state that Van Ru "agreed to the terms and conditions" of the contract (which is one of the elements of a breach of contract claim under Illinois law) is not appropriate in the federal notice pleading context. AT&T alleges the existence of a specific contractual relationship between itself and Van Ru, and a breach of that contract; that is sufficient to survive a motion to dismiss. Van Ru's reliance on *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010) is misplaced, as the Seventh Circuit in *Reger* was merely listing the elements of a breach of contract claim under Illinois law. Finally, Van Ru's argument that the breach of contract claim fails because AT&T did not allege that Van Ru signed the contractual documents is a non-starter, as Illinois law clearly allows for contract formation without a party's signature. *See e.g., Lynge v. Kunstmann*, 418 N.E.2d 1140, 1144 (Ill. App. Ct. 1981) ("[A] signature is not always essential to the binding force of an agreement."); *Ragen v. AT&T Corp.*, 824 N.E.2d 1183, 1188-89 (Ill. App. Ct. 2005) (stating that where "an offeree takes the benefits of offered services with a reasonable opportunity to reject them and a reason to know that they were offered with the expectation of compensation, his silence and inaction operates as an acceptance of the offer."). Van Ru's motion to dismiss [8] is denied. |